UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KIRK MORRIS,

        Plaintiff,

    v.

WINCO FOODS, LLC,

        Defendant.

3:12-cv-01216-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Kirk Morris ("Morris"), a former employee of defendant, WinCo Foods, LLC ("WinCo"), filed his Complaint on April 6, 2012, alleging two claims arising out of his termination on July 26, 2010, for unlawful discrimination under Title I of the Americans with Disabilities Act, 42 USC § 12117(a) ("ADA"), and Oregon's parallel disability discrimination law, ORS Chapter 659A. This court has subject matter jurisdiction over the ADA claim pursuant to 28 USC § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 USC § 1367(a).

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

1 – OPINION AND ORDER

WinCo seeks summary judgment against the ADA claim because it was not timely filed and dismissal of the remaining state law claim based on lack of jurisdiction. For the reasons set forth below, WinCo's motion is granted, and this action is dismissed.

## DISCUSSION

### I.  ADA Claim (First Claim)

Before bringing an ADA claim in federal court, the plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC") or a state or local agency. 42 USC § 2000e-5(b), (e)(1), (f)(1); *EEOC v. Farmer Bros. Co.*, 31 F3d 891, 899 (9th Cir 1994). Charges must be filed with the EEOC within 180 days and with the state or local agency within 300 days after the allegedly discriminatory act. 42 USC § 2000e-5(e)(1). The filing deadline acts as a statute of limitations, such that a failure to file a timely charge bars a subsequent action in federal court. *Delaware State Coll. v. Ricks*, 449 US 250, 256-57 (1980).

WinCo terminated Morris's employment on July 26, 2010. Complaint, ¶ 20. Therefore, Morris had to file charges with the EEOC by January 22, 2011, and with a state or local agency by May 22, 2011. He filed his discrimination claim with Oregon's Bureau of Labor and Industries ("BOLI") on July 18, 2011. Smigel Decl., Ex. 1. Under the one-year statute of limitations provided by Oregon law, ORS 659A.875, his state law claim is timely. However, his ADA claim is time-barred for failure to comply with the statute of limitations. Accordingly, WinCo is entitled to summary judgment against the First Claim alleging a violation of the ADA.

### II.  State Law Claim (Second Claim)

With dismissal of the ADA claim, this court lacks federal question jurisdiction. Asserting a lack of diversity jurisdiction, WinCo also seeks to dismiss the remaining state disability discrimination claim.

Although not specifically pled in the Complaint, Morris seeks permission to file a First Amended Complaint alleging only the state law claim based on diversity jurisdiction. The Complaint alleges that Morris is a citizen of the State of Oregon and that WinCo is a Delaware limited liability corporation. Complaint, ¶¶ 6, 7. For diversity purposes, a limited liability company, like a partnership, is a citizen of every state where its owners or members reside. *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir 2006). Even one LLC owner residing in Oregon is sufficient to defeat diversity jurisdiction. *See id* at 899.

According to the WinCo's filings with the Oregon Secretary of State, all of WinCo's identified officers and managers reside in Boise, Idaho. Smith Decl., Ex. B. However, "[r]esidence and citizenship are not the same thing." *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995) (citation omitted). A person's state of citizenship is determined by the person's state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*, citing *Lew v. Moss*, 797 F2d 747, 749 (9th Cir 1986). "A person residing in a given state is not necessarily domiciled there . . . ." *Id.*

WinCo initially submitted evidence from its Chief Financial Officer that "[v]arious entities own WinCo foods, including WinCo Holdings and certain individuals" and that "[s]ome of those individuals reside in Oregon." Butler Decl., ¶ 2; Corporate Disclosure Statement, ¶ 1. WinCo Holdings is fully owned by an employee stock ownership trust that leases employees, including Morris, to WinCo through an employee leasing agreement. Butler Decl., ¶¶ 3-4. Because the initial evidence did not specifically state that any of WinCo's members intend to remain in or return to Oregon, WinCo submitted an additional declaration from one of its members, Duane Copple. Mr. Copple states that he has been a member of WinCo since April

3 – OPINION AND ORDER

2005, is the store manager of WinCo Store #18 in Salem, Oregon, resides in Keizer, Oregon, has lived in Oregon his entire life, and intends "to remain living and working in Oregon, and consider[s] it [his] permanent home." Copple Decl., ¶¶ 1-4.

Morris contests this evidence based on WinCo's filings with the Oregon Secretary of State which lists all of its identified officers and managers as residing in Boise, Idaho. Smith Decl., Ex. B. To explain this apparent contradiction, WinCo explains that the Annual Report filed with the Oregon Secretary of State only lists its officers and managers and not all of its members. Under Oregon law governing limited liability companies, managers need not be members of the limited liability company that they manage. ORS 63.001(19) (defining managers of a manager-managed limited liability company). For purposes of determining diversity jurisdiction, the analysis depends on the citizenship of WinCo's owners or members, not its managers. *See Johnson*, 437 F3d at 899. Although Morris seeks an opportunity to conduct discovery as to whether any of WinCo's members are citizens of Oregon, the evidence submitted by WinCo conclusively establishes that WinCo is a citizen of Oregon by virtue of the citizenship of at least one of its members. Thus, diversity jurisdiction does not exist.

Alternatively, the court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 USC § 1367(a). Because both the ADA and state law claim arise from a common nucleus of facts and the pendency of this action since July 2012, Morris urges this court to retain jurisdiction over the state law claim. However, when all of the federal claims are dismissed before trial, the state law claims are generally dismissed as well. 28 USC § 1367(c)(3); *Schneider v. TRW, Inc.*, 938 F2d 986, 993 (9th Cir 1991); *Carnegie-Mellon Univ. v. Cohill*, 484 US 343, 350 n7 (1988) (stating that dismissal is not mandatory, but that "in the usual

case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). District courts should consider judicial economy, convenience, fairness, and comity when deciding whether to retain jurisdiction over the remaining state-law claims. *Satey v. JPMorgan Chase & Co.*, 521 F3d 1087, 1091 (9th Cir 2008), citing *Carnegie-Mellon Univ.*, 484 US at 351. The court should retain jurisdiction only where "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Schneider*, 938 F2d at 994, citing *Rosado v. Wyman*, 397 US 397, 405 (1970).

To date, this court has committed few resources to this case, such that requiring Morris to refile this case in state court will not cause a substantial duplication of effort. Therefore, this court conceives of no reason to exercise supplemental jurisdiction over the state law claim.

## ORDER

Defendant's Motion for Summary Judgment (docket # 9) is GRANTED, and the ADA claim is dismissed with prejudice and the state law claim is dismissed without prejudice.

DATED January 10, 2013.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge